UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
NOV 18 2005

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| RICHARD THOMAS RODDY, | CIV 04-4132 |
| Movant, | CR 03-40023 |
| -vs- | MEMORANDUM OPINION AND ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Movant, Richard Thomas Roddy, has filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Motion will be denied.

## DISCUSSION

Roddy pleaded guilty in this Court to possession with intent to distribute 100 kilograms or more of a substance containing marijuana, a violation of 21 U.S.C. § 841(a)(1). On August 11, 2003, a judgment was entered sentencing Roddy to 60 months imprisonment. No appeal was taken. Roddy now claims that his sentence violated the principles announced by the United States Supreme Court in *Blakely v. Washington*, 124 S.Ct. 2531 (2004). Specifically, he argues that the Court's findings under the federal sentencing guidelines violated his Sixth Amendment right to a jury trial.

As an initial matter, the Government contends that the § 2255 Motion is barred by the one-year statute of limitations in 28 U.S.C. § 2255. The Government asserts that the one-year statute of limitations expired on August, 23, 2004 and the Motion was not filed until August 30, 2004. Movant does not dispute that the statute of limitations ran, but he contends that it should be tolled because: (1) he did not have counsel, (2) he lacks education, training, or experience in legal matters, and he relied completely on inmate assistance, (3) the inmate who helped him with typing was transferred, (4) availability of a typewriter and copy machine was limited, and (5) his free time was constrained.

The Eighth Circuit recently held that equitable tolling applies to § 2255 petitions. *United States v. Martin*, 408 F.3d 1089 (8th Cir. 2005). Equitable tolling in habeas cases is proper only when "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Id.* at 1093. The Eighth Circuit has advised that "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). None of the grounds cited by Roddy constitute extraordinary circumstances that would toll the one-year statute of limitations. *See Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources). As in *Jihad*, Roddy's pre-filing problems "dealt with the kinds of obstacles faced by many if not most habeas petitioners, and therefore Congress is presumed to have considered such equities in enacting a one-year limitations period." *Jihad*, 267 F.3d at 806-07. Thus, equitable tolling does not provide a basis for considering the Motion timely filed.

Even if Roddy was deemed to have submitted a timely Motion, he is not entitled to relief. In *Blakely*, the Supreme Court ruled that a Washington state sentencing guideline scheme violated the defendant's Sixth Amendment right to trial by jury by permitting his sentence to be enhanced above the guideline range based on factors not found by a jury beyond a reasonable doubt, even though the resulting sentence was less than the statutory maximum. *See id.* 124 S.Ct. at 2537. Later, in *United States v. Booker*, 125 S.Ct. 738 (2005), the Supreme Court held that the Sixth Amendment right to a jury trial, as construed in *Blakely*, attaches to findings that enhance a defendant's sentence under the federal sentencing guidelines. *Id.* at 748-56. In a separate majority opinion, the Court invalidated the provisions of the Sentencing Reform Act that make the federal guidelines mandatory. The Court concluded that the Act, so modified, "makes the Guidelines effectively advisory." *Id.* at 756-69. After *Booker*, a sentencing court is required "to consider Guidelines ranges" but is permitted "to tailor the sentence in light of other statutory concerns as well. . . ." *Id.* at 756 (citing 18 U.S.C. § 3553(a)). In order for Roddy to prevail in this case, the Court would have to find that the holding in *Booker* applies retroactively because his conviction was final before the *Blakely*

2

opinion was issued on June 24, 2004, and well before the *Booker* decision. The Eighth Circuit has ruled that *Booker* "does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." *Never Misses a Shot v. United States*, 413 F.3d 781 (8th Cir. 2005). Thus, Roddy may not invoke *Booker* retroactively to invalidate his sentence.

Roddy recently filed a request to supplement his § 2255 Motion. (Doc. 16.) "The Federal Rules of Civil Procedure liberally permit amendments to pleadings." *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000); *see also* Fed. R. Civ. P. 15(a). Leave to amend should normally be granted absent good reasons to the contrary. *See Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). "A district court can refuse to grant leave to amend a pleading only where it will result in 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Dennis*, 207 F.3d at 525 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Because the statute of limitations bars Roddy's Motion, amendment would be futile and will be denied.

Petitioner has also filed a Motion for Appointment of Counsel. Because the issues in this case are easily resolved without the assistance of counsel, the interests of justice do not require the appointment of counsel, and Petitioner's Motion will be denied.

In order to appeal the denial of his § 2255 motion, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(c). This standard is satisfied by demonstrating that reasonable jurists could debate the resolution of the constitutional claims. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In light of Eighth Circuit precedent, there can be no doubt among reasonable jurists that *Booker* affords Roddy no relief in this case. Accordingly,

IT IS ORDERED:

(1) that the Motion to Vacate, Set Aside, or Correct Sentence (Docket No. 1) is denied;

(2) that the Motion for Appointment of Counsel (Docket No. 2) is denied;

(3) that the Request to File a Supplement (Docket No. 16) is denied; and

(3) that no certificate of appealability shall issue.

Dated this 17th day of November, 2005.

BY THE COURT:

_____
Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _Shelly Margulies_
(SEAL)      DEPUTY